UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PABLO HERNANDEZ-RODRIGUEZ,<br><br>                              Movant,<br><br>                  - v. -<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | 25 Civ. 8850 (JHR)<br><br>23 Cr. 0509-02 (JHR)<br><br>ORDER OF DISMISSAL |

JENNIFER H. REARDEN, District Judge:

Movant Pablo Hernandez-Rodriguez, proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. ECF No. 1. Movant is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. For the reasons set forth below, the Court denies the motion without prejudice as premature.

## BACKGROUND

In a judgment dated February 14, 2025, the Court convicted Movant, upon a plea of guilty, to one count of conspiracy to distribute and possess with intent to distribute methamphetamine. *United States v. Hernandez-Rodriguez*, No. 23 Cr. 509, ECF No. 116 (S.D.N.Y February 14, 2025). The Court sentenced Movant to seventy months' imprisonment and four years of supervised release. *Id*. Movant's direct appeal of that conviction and sentence is pending in the Second Circuit. *See United States v. Henandez-Rodriguez*, No. 25-401 (2d Cir.). In this motion, Movant challenges his conviction and sentence based on ineffective assistance of counsel. ECF No. 1.

## DISCUSSION

"Although there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal, such review should proceed only in extraordinary

circumstances given the potential for conflict with the direct appeal." *Leyva v. United States*, No. 19 Cr. 0667 (PAC), 2023 WL 2525503, at *2 (S.D.N.Y. Mar. 15, 2023) (internal citations and quotation omitted). "[C]oncerns for judicial economy generally counsel against adjudicating such motions," *United States v. Jiau*, 536 F. App'x 140, 141 (2d Cir. 2013) (summary order), because "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002); *see also Andre Calix v. United States*, No. 18 Civ. 6323, ECF No. 3 (S.D.N.Y. July 24, 2018) (denying § 2255 motion without prejudice). "Thus, district courts in this Circuit have generally denied without prejudice as premature those § 2255 motions that are filed during the pendency of a direct appeal." *Odom v. United States*, No. 16 Civ. 5360, ECF No. 3 (S.D.N.Y July 13, 2016) (citing *Nuey v. United States*, No. 06 Civ. 4367 (AKH), 2007 WL 465214, at *1 (S.D.N.Y. Feb. 9, 2007)).

"For the foregoing reasons, the Court DENIES [Movant's] motion to vacate his sentence with leave to refile pending his direct appeal." *United States v. Pizarro*, No. 17 Cr. 151 (AJN), 2021 WL 4665044, at *3 (S.D.N.Y. Oct. 6, 2021).

## CONCLUSION

The motion pursuant to 28 U.S.C. § 2255 is hereby denied without prejudice as premature.

Because the present motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

3

The Clerk of Court is directed to mail a copy of this Order to Movant and to note service on the docket.  The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:   November 10, 2025
        New York, New York

                                                            JENNIFER H. REARDEN
                                                            United States District Judge